GEORGE R. SANDERSON, Appellant, v. TINKHAM SMOKE
CONSUMER COMPANY, Appellee.

1.  **Agency**: COMMISSIONS: CONTRACT: CONSTRUCTION. Under a contract by which an agent agreed to solicit orders for a machine in consideration of the payment of a certain percentage of the amount for which he obtained purchasers for such machine, payable when the orders were received, the principal is not liable for the payment of commissions upon verbal promises obtained by the agent to purchase such machine, if upon a demonstration to be made the same would accomplish what was claimed for it.

2.  ———: ———: ORDERS: ACCEPTANCE BY PRINCIPAL: POWERS OF OFFICERS OF CORPORATION. The plaintiff having admitted in his testimony that his commissions were payable only when the orders obtained by him were accepted by the principal, which was a corporation, *held*, that a mere mental acceptance of orders by the president of the company would not render the principal liable for commissions upon orders which were of a character that the company was not bound to accept, and which were rejected by its officers when acting together.

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

THURSDAY, OCTOBER 15, 1891.

THIS is an action at law to recover on an alleged contract by which it is claimed the plaintiff is entitled to certain specific sums as commissions for effecting sales of a device for consuming smoke and saving fuel in the operation of steam-engines. There was a trial by jury, and a verdict and judgment for the defendant. The plaintiff appeals.—*Affirmed.*

*A. M. Antrobus*, for appellant.

*C. L. Poor*, for appellee.

Rothrock, J.—I.   The defendant is a corporation.
It appears that one Tinkham invented or discovered a

1. Agency: commissions: contract: construction.

device or appliance which, it is claimed,
when attached to the furnaces of steam-
boilers, consumed the smoke from the
burning fuel, and was a great saving of expense in the
operation of machinery.   It does not appear who were
stockholders in said corporation.   The officers at the
time it is claimed the cause of action accrued were
W. R. Smith, president, Tinkham, vice-president, and
R. O. Simmons, secretary and treasurer.   These
persons, with F. O. Simmons, constituted the board of
directors.   The plaintiff claims that about the twenty-
seventh day of February, 1889, he entered into a verbal
contract with said Smith, by which the plaintiff bound
himself to go to Little Rock, Arkansas, and Memphis,
Tennessee, and solicit orders for the defendant's smoke
consumer; the plaintiff to pay his own expenses, and
to receive from the defendant corporation for his
services fifty per cent. of the amount for which he
obtained purchasers, unless he found purchasers for
appliances for less than three or four boilers in one
locality, in which case he should be entitled to but
forty per cent. thereof; and that the plaintiff's compen-
sation should be payable when the orders or contracts
for the work were taken.   The plaintiff claims that he
did go to the places named, and secured purchasers
for enough of said devices to make commissions due
to him from the defendant in the sum of six hundred
and eighty-two dollars and fifty cents.   This is the
main cause of action.

There is an additional or second count in the peti-
tion, in which the plaintiff claims that he made verbal
contracts or procured verbal promises from other
parties to purchase said device if, upon a "demonstra-
tion" to be made, the same would accomplish what
was claimed for it, and that the plaintiff was entitled

to recover as commissions upon the last-named prospective orders in the sum of twenty-one hundred dollars. The court instructed the jury that there could be no recovery therein. This instruction was correct. There was no evidence upon which a recovery of commissions could be based upon these so-called contracts. This is so manifest that we ought not to consume time in discussing the claim made touching its validity.

II. The other ground of complaint was submitted to the jury. It appears from the testimony of the plaintiff, as a witness, that it was a mistake as alleged in his petition that the orders which he succeeded in taking for the device were to be paid for when the orders were taken. He claimed, on the trial as a witness, that the commissions on said orders were to be paid for when they were approved and accepted by the defendant. It is claimed that the oral contract relied on was made with Smith, the president of the corporation. It is not claimed that any other officer of the corporation co-operated with Smith in making the contract. Smith sold out his interest in the business before this suit was commenced. He testified as a witness that the orders were accepted by the company. He did not state that there was any written acceptance. What he evidently intended to state was that he accepted the orders for the company. If he did, it was by a mere mental resolution, not expressed. Most of the orders were not such as the company was bound to accept, and the evidence is almost without dispute that the officers, when acting collectively, refused to accept the orders. We know that counsel, with great zeal and ingenuity, present certain acts, declarations and letters in which it is claimed that they acquiesced in the oral contract after it was made. But the argument does not bear investigation, when all the evidence is considered. Moreover, if this were a case triable

anew here, we would find from the mode of doing business of the company, which was to pay commissions to agents when the purchaser paid for his smoke consumer, and from certain letters written by the plaintiff, and which appear in appellee's abstract, that just that kind of a contract was made by Smith with the plaintiff. But there was a conflict in the evidence on this question, and we need not further consider it. As we read the record, it was incumbent on the plaintiff, in order to recover commissions, to prove that the orders were accepted and approved. Upon this question we think the plaintiff utterly failed in producing evidence upon which to base a verdict. This being our view of that question, it is an end of the case. It would not have been error if the court had instructed the jury to find for the defendant.

The case demands no further consideration. AFFIRMED.